IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES ANTHONY HARMON                                                                    PLAINTIFF

v.                                    Case No. 6:24-cv-06119

DR. ALBERT KITTRELL;
SYRNA BOWERS; WARDEN WALTER
WHITE; NURSE KELLY AUNSPAUGH;
DANA HAYNES; and WELLPATH, LLC                                              DEFENDANTS

## ORDER

Before the Court is the Report and Recommendation filed on January 9, 2026, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 43).  Judge Ford recommends that the Court grant Defendants Aunspaugh, Haynes, Kittrell, and Wellpath, LLC's ("Separate Defendants") Motion for Summary Judgment (ECF No. 28) and dismiss this case without prejudice because Plaintiff did not fully exhaust his administrative remedies before filing this case.  Plaintiff objects.  (ECF No. 47).  This matter is ripe for consideration.

## I.  BACKGROUND

On September 6, 2024, Plaintiff filed this case pursuant to 42 U.S.C. § 1983.  (ECF No. 1). Plaintiff alleges that Defendants violated his constitutional rights by taking him off his mental health medications, thorazine and lorazepam, "cold turkey" rather than gradually weaning him off. *Id.* at 5-6.  Plaintiff alleges that he suffered agonizing withdrawals, disrupted sleep patterns, and severely compromised thought patterns as a result.  *Id.* at 6.  Plaintiff alleges that he still experiences memory problems, severe mood swings, numbness in his hands and feet, and bouts of tachycardia, palpitations, and skipped heartbeats.  *Id.*  at 6-7.  Plaintiff claims that suddenly stopping thorazine can cause heart damage, nerve damage, and death.  *Id.* at 7.  Plaintiff alleges

that Dr. Kittrell, the Arkansas Community Correction ("ACC") psychiatrist, gave the order to take him off his medications. *Id.* Plaintiff proceeds against Defendants in their individual and official capacities.

On June 16, 2025, Separate Defendants filed a motion for summary judgment, arguing that the case should be dismissed because Plaintiff did not fully exhaust his administrative remedies for any relevant grievance before filing this lawsuit. (ECF No. 28). On January 9, 2026, Judge Ford issued the instant Report and Recommendation. (ECF No. 43). Judge Ford first recommends that Plaintiff's claims against Defendant Wellpath, LLC be dismissed because Wellpath, LLC's Bankruptcy Plan of Reorganization discharges it from liability for all claims arising prior to November 11, 2024. *Id.* at 6-7. Judge Ford also recommends that Plaintiff's official capacity claims against Wellpath, LLC employees, Defendants Aunspaugh, Kittrell, and Haynes, be dismissed because they are functionally equivalent to a claim against Wellpath, LLC. *Id.*

Judge Ford next recommends that Defendants Aunspaugh, Kittrell, and Haynes are entitled to summary judgment on Plaintiff's individual capacity claims because Plaintiff failed to exhaust his administrative remedies before filing this case. Judge Ford notes that the record reflects that out of the four medical grievances filed by Plaintiff, only one addressed his mental health medication: OM-24-00299. *Id.* at 4. Judge Ford found that Plaintiff failed to exhaust his administrative remedies because he did not appeal grievance OM-24-00299. Judge Ford considered and rejected Plaintiff's argument that he filed other grievances that "disappeared" while the Administrative Review Officer ("ARO") was on maternity leave during May 2024. *Id.* at 8-9. Judge Ford found that Plaintiff provided speculative subjective beliefs, rather than objective proof, of the disappeared grievances. *Id.* Thus, Judge Ford recommends that Plaintiff's individual capacity claims against Defendants Aunspaugh, Kittrell, and Haynes be dismissed with prejudice.

2

*Id.* at 9.  Judge Ford also recommends that the claims against ACC Defendants White and Bowers remain for further review.

On February 6, 2026, Plaintiff filed objections to the Report and Recommendation.  (ECF No. 47).  Besides restating his substantive claims, Plaintiff argues that the grievance appeal process was unavailable to him for two reasons.  First, Plaintiff argues that he was not provided with the appeals page of the grievance form.  *Id.* at 3.  Second, Plaintiff argues that his version of grievance OM-24-00299 reflects that he was not provided a copy of the response until July 16, 2024.  Plaintiff argues that he was unable to appeal grievance OM-24-00299 within the five-day appeal period because he was transferred out of ACC custody and placed into an isolation cell on July 18, 2024, until July 28 or 29, 2024.  *Id.* at 4-5.  Finally, Plaintiff argues that without discovery he has been unable to obtain proof of the grievances he claims to have filed but that have disappeared.  *Id.* at 6-7.  Plaintiff does not object to Judge Ford's recommendation that his claims against Wellpath, LLC and his official capacity claims against Defendants Kittrell, Aunspaugh, and Haynes be dismissed.

## II.  DISCUSSION

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition.  28 U.S.C. § 636(b)(1).  Within fourteen days of receipt of a magistrate judge's report and recommendation, "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b)(2); *accord* Local Rule 72.2(VII)(C).  After conducting an appropriate review of the report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions."  28 U.S.C. § 636(b)(1).

"[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, "objections must be timely and specific" to trigger *de novo* review. *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). The Court applies a liberal construction when determining whether *pro se* objections are specific. *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995). In the absence of objections, the Court "need only satisfy itself that there is no clear error on the face of the record." Fed. R. Civ. P. 72 advisory committee's note, subd. (b); *see also Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (requiring a "clearly erroneous" standard of review for portions of a Report and Recommendation that are not objected to).

With that framework in mind, the Court turns to the instant Report and Recommendation. Plaintiff did not object to Judge Ford's recommendation that his claims against Wellpath, LLC and his official capacity claims against Defendants Kittrell, Aunspaugh, and Haynes be dismissed. Accordingly, the Court reviews these recommendations for clear error. Upon review, finding no clear error on the face of the record and that Judge Ford's reasoning is sound, the Court adopts the Report and Recommendation as to Plaintiff's claims against Wellpath, LLC and official capacity claims against Defendants Kittrell, Aunspaugh, and Haynes.

Plaintiff objected to Judge Ford's recommendation that Plaintiff's claims against Defendants Aunspaugh, Kittrell, and Haynes be dismissed because Plaintiff failed to fully exhaust his administrative remedies before filing this case. Although Plaintiff's objections were not timely, the Court finds that they are specific and will provide a *de novo* review of the exhaustion issue of

4

the Report and Recommendation.[1]  The Court agrees with Judge Ford's recommendations for the following reasons.

### A.  Exhaustion of Grievance Process

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  Exhaustion is mandatory.  *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002).  If an inmate has not fully exhausted all available administrative remedies before filing the action, the lawsuit must be dismissed.  *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *see also Porter v. Sturm*, 781 F.3d 448, 452-53 (8th Cir. 2015) (requiring dismissal without prejudice of any unexhausted claims).

"[T]o properly exhaust administrative remedies[,] prisoners must complete the administrative review process in accordance with the applicable procedural rules."  *Jones v. Bock*, 599 U.S. 199, 218 (2007) (internal quotation marks omitted).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("[P]roper exhaustion of administrative remedies . . . means using all steps that the agency holds out, and doing so *properly*.").  A prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits."  *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012).

---

[1] Plaintiff's objections were due by January 26, 2026.  (ECF No. 43).  Plaintiff filed his objection on February 6, 2026. (ECF No. 47).

The Omega Unit grievance procedure sets out a three-step process to exhaust administrative remedies. (ECF No. 30-2). The inmate must first file an informal grievance on a complaint form by giving it directly to a staff member or by placing it into the designated grievance box. *Id.* at 2. Within five days upon receipt, the appropriate staff will review the complaint and seek out an appropriate response or resolution. *Id.* If no informal resolution is found, the inmate may proceed to step two, wherein they must submit a formal grievance in the designated grievance box. *Id.* at 3. The ARO must respond within five days of receiving the formal grievance. *Id.* Within five working days of receiving the ARO's response, an unsatisfied inmate may proceed to step three by appealing to the Deputy Director of Residential Services. *Id.* at 5.

Separate Defendants argue that Plaintiff did not exhaust his administrative remedies because he did not appeal his grievance related to his mental health medication, OM-24-00299, after receiving a response. (ECF Nos. 29, 30). Plaintiff does not dispute that he did not appeal grievance OM-24-00299. Rather, he argues that he has "documents in [his] possession [that] prove the defendants toyed with dates, lost grievances, deliberately tried to manipulate the grievance process, and violated ACC policy." (ECF No. 37, at 2). Plaintiff argues, in several unsworn statements, that he filed "numerous other medical grievances" while the official ARO was on maternity leave in May 2024 and speculates that those grievances were "misplaced" or otherwise disappeared during the ARO's absence. (ECF No. 38, at 2-5). Plaintiff does not provide any documents to the Court. Plaintiff argues that he cannot provide proof of the misplaced documents because he did not receive a carbon copy or printout of those grievances and asserts that security camera footage, of an unspecified date range, is his only source of proof. *Id.* at 2-5.

The Eighth Circuit has instructed that "[a] record keeper's declaration that a prisoner did not exhaust a grievance is insufficient to establish non-exhaustion as a matter of law when the

prisoner makes sworn assertions that he took the necessary steps to exhaust." *Boyd v. Doe*, 746 F. App'x 599, 600 (8th Cir. 2018). Separate Defendants attached the sworn declaration of Abigail Hudson, the prison ARO, that Plaintiff filed only four medical grievances during his time at the Omega Center. (ECF No. 30-1). Ms. Hudson declares that only one of those grievances relates to Plaintiff's claim about his mental health medication and that Plaintiff did not appeal that grievance. *Id.* at ¶ 8. Though Plaintiff disputes Ms. Hudson's declaration, he does not declare under penalty of perjury that the statements in his responses are true and correct. *See Zubrod v. Hoch*, 907 F.3d 568, 574-75 (8th Cir. 2018) (prohibiting a court's consideration of an unsworn statement or declaration when deciding a motion for summary judgment unless it is signed, dated, and certified as true and correct under penalty of perjury); *see also Baker v. Coleman*, No. 3:18-cv-137-DPM-JTR, 2020 WL 1046690, at *1 (granting summary judgment on the issue of exhaustion when a plaintiff filed an unsworn declaration that he submitted a grievance that the jail lost). Accordingly, the Court finds that Plaintiff failed to present proof that he fully exhausted the grievance procedures.

### B. Availability of Administrative Remedies

Next, Plaintiff argues that he was unable to exhaust the administrative remedies because the ACC grievance procedure was unavailable.

The PLRA requires exhaustion of administrative remedies when those remedies "are available." *Townsend v. Murphy*, 898 F.3d 780, 783 (8th Cir. 2018). Whether an administrative remedy is available is "about more than just whether an administrative procedure is 'on the books.'" *Id.* (quoting *Ross v. Blake*, 578 U.S. 632, 643 (2016)). An administrative remedy is "unavailable" when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* Thus, the Eighth Circuit has

"excused inmates from complying with an institution's grievance procedures when officials have prevented prisoners from utilizing the procedures, or when officials themselves have failed to comply with the grievance procedures." *Gibson v. Weber*, 431 F.3d 339, 341 (8th Cir. 2005) (internal citations omitted).

Plaintiff asserts several arguments in his unsworn responses and objections that the grievance process was unavailable. Plaintiff argues that Omega Unit officials violated their own grievance policy to respond in five working days because he signed and submitted grievance OM-24-00299 on May 31, 2024, but the grievance form indicates that it was not received by the ARO until June 13, 2024. (ECF No. 38, at 6). Plaintiff also argues that he was never given the appeal form as it appears in the Omega Center grievance procedures guidebook. (ECF No. 47, at 3-4); (ECF No. 30-2, at 10) (appeal form). The Court finds that neither of these arguments show that the grievance process was unavailable to Plaintiff. Although Plaintiff is correct that the grievance OM-24-00299 form shows that his grievance was not received until June 13, 2024, the records show that Plaintiff ultimately received a response. *See Sturm*, 781 F.3d at 452 (finding that prison officials' delays in responding to an inmate's grievances did not prevent the inmate from using the grievance procedure because he eventually received a response). Additionally, it appears that the appeal form from the Omega Center guidebook is printed on the bottom of the response to grievance OM-24-00299, which Plaintiff undisputedly received. (ECF No. 30-1, at 10).

Finally, Plaintiff argues that Omega Unit officials thwarted his ability to appeal grievance OM-24-00299 by transferring him to the Ouachita River Correctional Unit ("ORCU") on July 18, 2024, only two days after he received the response. (ECF Nos. 38, at 8; 47, at 4). As proof, Plaintiff argues that the date on the top corner of his copy of the grievance response reads July 16, 2024, at 1:37 pm. He contends that, though Defendant Haynes' electronic signature is dated July

10, 2024, the July 16 date represents when the response was printed and provided to him. *Id.* Plaintiff argues that he was unable to appeal the grievance within the five-day window because he was transferred out of ACC custody into an isolation cell at the ORCU for ten to twelve days, where he had no access to phones or computers. *Id.* Plaintiff did not provide a copy of his response depicting the July 16 date to the Court, and the copy provided by Separate Defendants is dated October 28, 2024, at 2:05 pm.[2]  (ECF No. 30-1, at 10).

Several district courts in the Eighth Circuit have concluded that administrative remedies are unavailable if a prisoner is transferred before he can complete the grievance process. *See Hurdsman v. Viapath Tech., Inc.*, No. 4:22-cv-00227-JM-JJV, 2023 WL 2817390, at \*3 (E.D. Ark. Mar. 15, 2023) (collecting cases), *report and recommendation adopted*, 2023 WL 2814129 (E.D. Ark. Apr. 6, 2023); *see also McCoy v. Johnson*, No. 4:22-cv-00222-BSM-PSH, 2022 WL 17834394, at \*3 (E.D. Ark. Nov. 15, 2022) (finding that administrative remedies were unavailable when a detainee was transferred before he could complete the grievance process), *report and recommendation adopted*, 2022 WL 17833123 (E.D. Ark. Dec. 21, 2022).  However, as discussed above, Plaintiff provides no proof of his assertions in the form of documents or sworn declarations. *See Zubrod*, 907 F.3d at 574-75 (finding that the district court properly disregarded unsworn statements submitted in opposition to a motion for summary judgment); *see Hurdsman*, 2023 WL 2817390, at \*2 n.1, 3 (finding that a detainee's administrative remedies were unavailable when the detainee claimed in his complaint and response, which were signed under penalty of perjury, that prison officials thwarted the grievance process).  Accordingly, the Court finds that Plaintiff failed to present facts showing that the administrative remedies were unavailable.

---

[2] The Court assumes this date reflects when Separate Defendants downloaded the grievance report from the system.

### III.  CONCLUSION

Accordingly, the Court finds that the Report and Recommendation (ECF No. 43) should be and hereby is **ADOPTED** *in toto*.  The Court finds that Separate Defendants Aunspaugh, Haynes, Kittrell, and Wellpath, LLC's Motion for Summary Judgment (ECF No. 28) is hereby **GRANTED.**  Plaintiff's claims against Separate Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.  Separate Defendants are **TERMINATED** as Defendants in this case. The claims against Defendants White and Bowers remain for further review.

**IT IS SO ORDERED**, this 20th day of March, 2026.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge